IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICKY L. ARMOUR, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:26-CV-156-X-BK |
| | § | |
| KROGER TEXAS, L.P., | § | |
| DEFENDANT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* civil action was automatically referred to the undersigned United States magistrate judge for pretrial management. Doc. 3. Before the Court for findings and a recommended disposition is Plaintiff's *Motion to Remand*.[1] Doc. 6. Upon review of the relevant pleadings and applicable law, Plaintiff's motion for remand should be **DENIED**.

### I. BACKGROUND

Plaintiff Ricky L. Armour filed this lawsuit against Defendant Kroger Texas, L.P. ("Kroger") in a Texas state court, asserting premises liability and negligence causes of action. Doc. 1-2 at 6. On December 23, 2025, Armour sent Kroger a demand letter seeking "settlement in the amount of $900,000." Doc. 1-2 at 36. Kroger was served with process on January 9, 2026. Doc. 1-2 at 22. On January 21, 2026, Kroger removed the case to this Court under 28

---

[1] A motion for "remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016).

U.S.C. § 1332.  Doc. 1.  Armour now moves for remand to County Court at Law No. 5, Dallas County, Texas.  Doc. 6.  Kroger has filed a response in opposition.  Doc. 7.

## II. APPLICABLE LAW

A defendant may remove an action filed in state court to federal court if it could have originally been filed in federal court.  28 U.S.C. § 1441(a).  But "[f]ederal courts are not courts of general jurisdiction" and can adjudicate only those matters "authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).  Generally, unless otherwise provided by statute, federal courts only have jurisdiction over cases (1) involving a federal question arising under the Constitution, a federal law, or a treaty, or (2) where there exists complete diversity of citizenship between adverse parties, and the case satisfies the minimum amount in controversy.  *See* 28 U.S.C. §§ 1331, 1332.

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000.  28 U.S.C. § 1332(a).  "'When removal is based on diversity of citizenship, diversity must exist at the time of removal.'"  *Richey v. Wal-Mart Stores, Inc.*, 390 F. App'x 375, 377 (5th Cir. 2010) (per curiam) (quoting *Texas Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000) (per curiam)) (citation omitted).

The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it."  *St. Paul Reins. Co. Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).  The removal statute must be strictly construed, and "any doubt about the propriety of removal must be resolved in favor of remand."  *Gasch*, 491 F.3d at 281 (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

2

### III. ANALYSIS

Kroger removed this action on the basis of diversity jurisdiction. Doc. 1 at 1; 28 U.S.C. § 1332. Armour argues, however, that remand is required because diversity jurisdiction has not been established. Doc. 6 at 1. Specifically, Armour argues that Kroger, a limited partnership, "has failed to identify all partners and their citizenships" and that "[Kroger] has not show[n] by competent evidence that the amount in controversy exceeds $75,000." Doc. 6 at 1. Upon review, the Court finds that Armour's arguments lack merit.

#### A. Complete Diversity of Citizenship Exists.

"For diversity purposes, citizenship for an individual is synonymous with the person's domicile." *Eng. v. Aramark Corp.*, 858 F. App'x 115, 116 (5th Cir. 2021). A partnership or unincorporated association's citizenship is determined by the citizenship of each of its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). The citizenship of a limited liability company "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted). A corporation is a "citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

When partners or members of a limited partnership are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are, until arriving at an entity that is not a limited partnership. *See, e.g., Mullins v. TestAmerica, Inc.,* 564 F.3d 386, 397-98 (5th Cir. 2009). When, as here, one or more of the parties is a limited partnership, the citizenship of all partners—general and limited—must be "*distinctively and affirmatively*" alleged. *See Mullins*, 564 F.3d at 397 (emphasis in original).

3

In its Notice of Removal, Doc. 1, Kroger properly alleges complete diversity of the

parties.  Specifically, Kroger avers:

> Plaintiff, at the time of the initial filing of this action and at the current time of the removal of this action, was and is a citizen and resident of the State of Texas, domiciled in Texas.
>
> Defendant Kroger Texas L.P., at the time of the initial filing of this action and at the time of the removal of this action, was and is a limited partnership formed under the laws of Ohio.  The general partner of Kroger Texas L.P. is KRGP LLC (f/k/a KRGP Inc.), an Ohio limited liability company with its principal place of business in Ohio. KRGP LLC's sole member is The Kroger Co., an Ohio corporation with its principal place of business in Ohio.  The individuals making up the management of KRGP LLC are not members of KRGP LLC but, in any case, are all Ohio residents and citizens.  Kroger Texas L.P.'s only limited partner is KRLP Inc., an Ohio corporation with its principal place of business in Ohio.  Neither KRGP LLC nor KRLP Inc., the only two partners of Kroger Texas L.P., have ever been a resident of, incorporated in, or had a principal place of business in the State of Texas. Likewise, KRGP LLC has never had a member who was a resident of, incorporated in, or had a principal place of business in the State of Texas.

Doc. 1 at 2 (internal footnotes omitted).

More succinctly, Kroger has alleged that Armour is a citizen of Texas and that Kroger's

two partners are citizens of Ohio.  *See* 28 U.S.C. § 1332(c)(1).  Armour does not contest that he

is a citizen of Texas.  Thus, Kroger has adequately alleged that complete diversity exists among

the parties.

### B.  The Amount in Controversy is Satisfied.

For diversity purposes, the amount in controversy normally is determined by the amount

sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good

faith.  28 U.S.C. § 1446(c)(2).  Removal is thus proper if it is "facially apparent" from the

complaint that the claim or claims asserted exceed the jurisdictional amount.  *Allen v. R & H Oil*

*& Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995).  However,

"[i]f the petition is silent (as is often the case in state courts in our jurisdiction), the defendant

must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 314 (5th Cir. 2022) (cleaned up). "The defendant can meet that burden in one of two ways: (1) by establishing that it is "facially apparent" that the claims are likely to exceed $75,000, or (2) by setting forth the facts in controversy that support a finding of the requisite amount." *Id.* (cleaned up). A defendant may meet its burden by the second route if it "sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (cleaned up).

While on its face, Armour's state court petition contains no mention of the amount of damages sought, Armour previously made a settlement demand of $900,000. Doc. 1-2 at 36. This Court is bound to look at the complaint in the underlying action, coupled with other evidence to determine whether the amount in controversy is satisfied. *Webb v. Investacorp., Inc.,* 89 F.3d 252, 256 (5th Cir. 1996). Armour's settlement letter appears to be more than mere puffing and it indicates that the amount-in-controversy requirement is satisfied. *See Addo v. Globe Life & Accident Ins. Co.,* 230 F.3d 759, 761 (5th Cir. 2000) (holding that diversity jurisdiction may be predicated upon a settlement letter offering to settle a case for more than $75,000.00). Thus, Kroger has established that the damages that Armour seeks exceeds the amount in controversy requirement.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that removal was proper.   Accordingly,

Plaintiff's *Motion for Remand*, Doc. 6, should be **DENIED.**

**SO RECOMMENDED** on April 28, 2026.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).